**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

|  |  |
|---|---|
| In re: | Chapter 11 |
| MOUNTAIN EXPRESS OIL COMPANY, et al., | Case No. 23-90147 (DRJ) |
| Debtors. [1] | (Jointly Administered) |

**SCHEDULES OF ASSETS AND LIABILITIES FOR**
**5310 FLANNERY ROAD, LLC, (CASE NO. 23-90232)**

---

[1] A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at www.kccllc.net/mountainexpressoil. The location of Debtor Mountain Express Oil Company's principal place of business and the Debtors' service address in these chapter 11 cases is 3650 Mansell Road, Suite 250, Alpharetta, GA 30022.

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| MOUNTAIN EXPRESS OIL COMPANY, et al., | Case No. 23-90127 (DRJ) |
| Debtors.[1] | (Jointly Administered) |

## GLOBAL NOTES AND STATEMENT OF LIMITATIONS, METHODOLOGY, AND DISCLAIMERS REGARDING THE DEBTORS' SCHEDULES OF ASSETS AND LIABILITIES AND STATEMENTS OF FINANCIAL AFFAIRS

Mountain Express Oil Company, and certain of its affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (the "Debtors"), have filed their respective Schedules of Assets and Liabilities (the "Schedules") and Statements of Financial Affairs (the "Statements") in the United States Bankruptcy Court for the Southern District of Texas, Houston Division (the "Bankruptcy Court"). The Debtors, with the assistance of their Chief Restructuring Officer ("CRO"), prepared the Schedules and Statements in accordance with section 521 of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 1007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 1007-1 of the Local Bankruptcy Rules for the Southern District of Texas (the "Local Rules").

Michael Healy has signed each set of the Schedules and Statements. Mr. Healy serves as the CRO of the Debtors. In reviewing and signing the Schedules and Statements, Mr. Healy has necessarily relied upon the efforts, statements, and representations of the Debtors' personnel and professionals. Given the scale of the Debtors' business and complexity of their businesses covered by the Schedules and Statements, Mr. Healy has not (and could not have) personally verified the accuracy of each such statement and representation, including statements and representations concerning amounts owed to creditors.

In preparing the Schedules and Statements, the Debtors and their professionals relied on financial data derived from the Debtors' books and records that was available at the time of such preparation. Although the Debtors have made every reasonable effort possible to date to ensure the accuracy and completeness of the Schedules and Statements, subsequent information or discovery may result in material changes to the Schedules and Statements. As a result, inadvertent errors or omissions may exist. For the avoidance of doubt, the Debtors hereby reserve their rights to amend and supplement the Schedules and Statements as may be necessary or appropriate.

---

[1] A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at www.kccllc.net/mountainexpressoil. The location of Debtor Mountain Express Oil Company's principal place of business and the Debtors' service address in these chapter 11 cases is 3650 Mansell Road, Suite 250, Alpharetta, GA 30022.

The Debtors and their CRO, agents, and attorneys do not guarantee or warrant the accuracy or completeness of the data that is provided herein, and shall not be liable for any loss or injury arising out of or caused in whole or in part by the acts, errors, or omissions, whether negligent or otherwise, in procuring, compiling, collecting, interpreting, reporting, communicating, or delivering the information contained herein. While commercially reasonable efforts have been made to provide accurate and complete information herein, inadvertent errors or omissions may exist. The Debtors and their CRO, agents, and attorneys expressly do not undertake any obligation to update, modify, revise, or re-categorize the information provided herein, or to notify any third party should the information be updated, modified, revised, or re-categorized, except as required by applicable law. In no event shall the Debtors or their officers, employees, agents, or professionals be liable to any third party for any direct, indirect, incidental, consequential, or special damages (including, but not limited to, damages arising from the disallowance of a potential claim against the Debtors or damages to business reputation, lost business, or lost profits), whether foreseeable or not and however caused, even if the Debtors or their officers, employees, agents, attorneys, or their professionals are advised of the possibility of such damages.

**Global Notes and Overview of Methodology**

1.  **Description of Cases**. On March 18, 2023, (the "Petition Date"), each of the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code with the Bankruptcy Court. The Debtors are operating their businesses and managing their property as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. On March 20, 2023, an order was entered directing procedural consolidation and joint administration of these chapter 11 cases [Docket No. 17]. Notwithstanding the joint administration of the Debtors' cases for procedural purposes, each Debtor has filed its own Schedules and Statements. The information provided herein, except as otherwise noted, is reported as of the Petition Date. These Global Notes apply to the Schedules and Statements filed by the 87 Debtors primarily engaged in the business of the Debtors' C-Stores, travel centers, and related retail operations across the country (the "Retail Debtors"). Pursuant to the *Order (I) Extending Time to File (A) Schedules of Assets and Liabilities; (B) Schedules of Current Income and Expenditures; (C) Schedules of Executory Contracts and Unexpired Leases, (D) Statements of Financial Affairs, and (E) Bankruptcy Rule 2015.3 Reports, and (II) Granting Related Relief* [Docket No. 527], entered on June 14, 2023, the Court extended the deadline by which the Retail Debtors must file their Schedules and Statements until July 21, 2023.

2.  **Global Notes Control**. These Global Notes pertain to and comprise an integral part of each of the Debtors' Schedules and Statements and should be referenced in connection with any review thereof. In the event that the Schedules and Statements conflict with these Global Notes, these Global Notes shall control.

3.  **Reservations and Limitations**. Reasonable efforts have been made to prepare and file complete and accurate Schedules and Statements based upon the information available in the Debtors books and records; however, as noted above, inadvertent errors or omissions may exist. The Debtors reserve all rights to amend and supplement the Schedules and Statements as may be necessary or appropriate. Nothing contained in the Schedules and Statements constitutes a waiver of any of the Debtors' rights or an admission of any kind

with respect to these chapter 11 cases, including, but not limited to, any rights or claims of the Debtors against any third party or issues involving substantive consolidation, equitable subordination, or defenses or causes of action arising under the provisions of chapter 5 of the Bankruptcy Code or any other relevant applicable bankruptcy or non-bankruptcy laws to recover assets or avoid transfers.  Any specific reservation of rights contained elsewhere in the Global Notes does not limit in any respect the general reservation of rights contained in this paragraph.

a.  **No Admission**.  Nothing contained in the Schedules and Statements is intended or should be construed as an admission or stipulation of the validity of any claim against the Debtors, any assertion made therein or herein, or a waiver of the Debtors' rights to dispute any claim or assert any cause of action or defense against any party.

b.  **Recharacterization**.  Notwithstanding that the Debtors have made reasonable efforts to correctly characterize, classify, categorize, or designate certain claims, assets, executory contracts, unexpired leases, and other items reported in the Schedules and Statements, the Debtors nonetheless may have improperly characterized, classified, categorized, or designated certain items.  The Debtors thus reserve all rights to recharacterize, reclassify, recategorize, or redesignate items reported in the Schedules and Statements at a later time as is necessary and appropriate.

c.  **Classifications**.  Listing (i) a claim on Schedule D as "secured," (ii) a claim on Schedule E/F as "priority" or "unsecured," or (iii) a contract on Schedule G as "executory" or "unexpired" does not constitute an admission by the Debtors of the legal rights of the claimant or contract counterparty, or a waiver of the Debtors' rights to recharacterize or reclassify such claim or contract.

d.  **Claims Description**.  Any failure to designate a claim on a given Debtor's Schedules and Statements as "disputed," "contingent," or "unliquidated" does not constitute an admission by the Debtor that such amount is not "disputed," "contingent," or "unliquidated."  The Debtors reserve all rights to dispute, or assert offsets or defenses to, any claim reflected on their respective Schedules and Statements on any grounds, including, without limitation, liability or classification, or to otherwise subsequently designate such claims as "disputed," "contingent," or "unliquidated" or object to the extent, validity, enforceability, priority, or avoidability of any claim.  Moreover, listing a claim does not constitute an admission of liability by the Debtor against which the claim is listed or by any of the Debtors.  The Debtors reserve all rights to amend their Schedules and Statements as necessary and appropriate, including, but not limited to, with respect to claim description and designation.

e.  **Estimates and Assumptions**.  The preparation of the Schedules and Statements required the Debtors to make reasonable estimates and assumptions with respect to the reported amounts of assets and liabilities, the amount of contingent assets and contingent liabilities on the date of the Schedules and Statements, and the reported

3

amounts of revenues and expenses during the applicable reporting periods.  Actual results could differ from such estimates.

f.   **Intellectual Property Rights**.  Exclusion of certain intellectual property should not be construed to be an admission that such intellectual property rights have been abandoned, have been terminated or otherwise expired by their terms, or have been assigned or otherwise transferred pursuant to a sale, acquisition, or other transaction.  Conversely, inclusion of certain intellectual property should not be construed to be an admission that such intellectual property rights have not been abandoned, have not been terminated or otherwise expired by their terms, or have not been assigned or otherwise transferred pursuant to a sale, acquisition, or other transaction.

g.   **Insiders**.  The listing of a party as an insider for purposes of the Schedules and Statements is not intended to be, nor should it be, construed an admission of any fact, right, claim, or defense, and all such rights, claims, and defenses are hereby expressly reserved.  Information regarding the individuals listed as insiders in the Schedules and Statements has been included for informational purposes only and such information may not be used for the purposes of determining control of the Debtors, the extent to which any individual exercised management responsibilities or functions, corporate decision-making authority over the Debtors, or whether such individual could successfully argue that he or she is not an insider under applicable law, including the Bankruptcy Code and federal securities laws, or with respect to any theories of liability or any other purpose.

In the circumstance where the Schedules and Statements require information regarding "insiders", the Debtors have included information with respect to the individuals who the Debtors believe are included in the definition of "insider" set forth in section 101(31) of the Bankruptcy Code during the relevant time periods.

4.   **Methodology**.

a.   **Basis of Presentation**.  The Schedules and Statements do not purport to represent financial statements prepared in accordance with Generally Accepted Accounting Principles in the United States ("GAAP"), nor are they intended to be fully reconciled to the financial statements of each Debtor.  The Schedules and Statements contain unaudited information that is subject to further review and potential adjustment.  The Schedules and Statements reflect the Debtors' reasonable efforts to report the assets and liabilities of each Debtor on an unconsolidated basis except as noted on the applicable Schedules/Statements or herein.

b.   **Duplication**.  Certain of the Debtors' assets, liabilities, and prepetition payments may properly be disclosed in response to multiple parts of the Statements and Schedules.  To the extent these disclosures would be duplicative, the Debtors have determined to only list such assets, liabilities and prepetition payments once.

c.     **Net Book Value**.  In certain instances, current market valuations for individual items of property and other assets are neither maintained by, nor readily available to, the Debtors.  Accordingly, unless otherwise indicated, the Debtors' Schedules and Statements reflect estimates of net book values as of the Petition Date.  Market values may vary materially from net book values.  It would be prohibitively expensive, unduly burdensome, and an inefficient use of estate assets for the Debtors to obtain the current market values of all their property.  Accordingly, the Debtors have indicated in the Schedules and Statements that the values of certain assets and liabilities are undetermined.  Amounts ultimately realized may vary materially from net book value (or whatever value was ascribed).  Accordingly, the Debtors reserve all rights to amend, supplement, or adjust the asset values set forth herein.  Also, assets that have been fully depreciated or that were expensed for accounting purposes either do not appear in these Schedules and Statements or are listed with a zero-dollar value, as such assets have no net book value.

d.     **Property and Equipment**.  Unless otherwise indicated, owned property and equipment are valued at net book value.  The Debtors may lease furniture, fixtures, and equipment from certain third-party lessors.  To the extent possible, any such leases are listed in the Schedules and Statements.  Nothing in the Schedules and Statements is, or should be construed as, an admission as to the determination of the legal status of any lease (including whether any lease is a true lease or a financing arrangement), and the Debtors reserve all rights with respect thereto.

Certain property of one Debtor may be listed on the Schedules and Statements of one or more other Debtors, and the Debtors make no representations or warranties concerning title to personal property and equipment as between and among the Debtors.

e.     **Allocation of Liabilities**.  The Debtors allocated liabilities between the prepetition and postpetition periods based on the information and research conducted in connection with the preparation of the Schedules and Statements.  As additional information becomes available and further research is conducted, the allocation of liabilities between the prepetition and postpetition periods may change.

f.     **Undetermined Amounts**.  The description of an amount as "unknown" or "undetermined" is not intended to reflect upon the materiality of such amount.

g.     **Unliquidated Amounts**.  Amounts that cannot be quantified by the Debtors are scheduled as "unliquidated" or "unknown."

h.     **Totals**.  All totals that are included in the Schedules and Statements represent totals of all known amounts.  To the extent there are unknown or undetermined amounts, the actual total may be different than the listed total.

i.     **Intercompany Claims**.  Receivables and payables among the Debtors and among the Debtors and their non-Debtor affiliates are reported on Schedule A/B and Schedule E/F, respectively, per the Debtors' books and records.  The listing of any

amounts with respect to such receivables and payables is not, and should not be construed as, an admission of the characterization of such balances as debt, equity, or otherwise. These claims are subject reconciliation and the amounts listed may be materially misstated and subject to material adjustment upon the conclusion of a reconciliation.

j.   **Guarantees and Other Secondary Liability Claims**. The Debtors have exercised reasonable efforts to locate and identify guarantees in their executory contracts, unexpired leases, secured financings, and other such agreements. Where guarantees have been identified, they have been included in the relevant Schedule G with respect to leases and Schedule H with respect to credit agreements for the affected Debtor or Debtors. The Debtors may have inadvertently omitted guarantees embedded in their contractual agreements and may identify additional guarantees as they continue their review of their books and records and contractual agreements. In the ordinary course of the Debtors' business and lending relationships, parties have required certain subsidiary Debtors' lease obligations to be guaranteed by Debtor Mountain Express Oil Company. Due to the high number of such obligations, they are not listed individually here. The Debtors reserve their rights to amend the Schedules and Statements if additional guarantees are identified.

k.   **Excluded Assets and Liabilities**. The Debtors have excluded the following categories of assets and liabilities from the Schedules and Statements: certain deferred rent charges, accounts, or reserves recorded only for purposes of complying with the requirements of GAAP; and certain accrued liabilities including, but not limited to, employee benefits. Other immaterial assets and liabilities may also have been excluded.

l.   **Liens**. The inventories, property, and equipment listed in the Schedules and Statements are presented without consideration of any liens.

m.   **Currency**. Unless otherwise indicated, all amounts are reflected in U.S. dollars.

n.   **Setoffs**. The Debtors incur setoffs and net payments in the ordinary course of business. Such setoffs and nettings may occur due to a variety of transactions or disputes including, but not limited to, intercompany transactions, counterparty settlements, deposits received from customer, and amounts due from customers that may also be vendors. These normal, ordinary course setoffs and nettings are due to the nature of the Debtors customer and supplier relationships. Such setoffs and other similar rights may have been accounted for when scheduling certain amounts, these ordinary course setoffs are not independently accounted for, and as such, are or may be excluded from the Debtors' Schedules and Statements. In addition, some amounts listed in the Schedules and Statements may have been affected by setoffs or nettings by third parties of which the Debtors are not yet aware. The Debtors reserve all rights to challenge any setoff and/or recoupment rights that may be asserted.

5.      **Specific Schedules Disclosures**.

   a.      **Schedule A/B, Parts 1 and 2 - Cash and Cash Equivalents; Deposits and Prepayments**.  Details with respect to the Debtors' cash management system and bank accounts are provided in the *Debtors' Emergency Motion for Entry of Interim and Final Orders (I) Authorizing Maintenance of Existing Bank Accounts; (II) Authorizing Continuance of Existing Cash Management System; (III) Granting Limited Waiver of Section 345(b) Deposit Requirements; (IV) Authorizing Continued Performance of Intercompany Transactions and Funding; and (V) Granting Related Relief [* [Docket No. 52] (the "Cash Management Motion") and any orders of the Bankruptcy Court granting the Cash Management Motion.  As described therein, the Debtors utilize a centralized cash management system.

   Additionally, the Bankruptcy Court, pursuant to the *Order (I) Approving the Proposed Adequate Assurance Deposit for Future Utility Services, (II) Prohibiting Utility Providers from Altering, Refusing, or Discontinuing Services, (III) Approving the Proposed Adequate Assurance Procedures for Resolving Adequate Assurance Requests, and (IV) Granting Related Relief* [Docket No. 83], has authorized the Debtors to provide adequate assurance of payment for future utility services.  Such deposits are not listed on Schedule A/B, Part 2, which has been prepared as of the Petition Date.

   All scheduled balances are unreconciled.  No cash reconciliation was performed as of the Petition Date; however, the Debtors are conducting an ongoing reconciliation of their books and records.

   b.      **Schedule A/B, Part 4 - Investments; Non-Publicly Traded Stock and Interests in Incorporated and Unincorporated Businesses, including any Interest in an LLC, Partnership, or Joint Venture.**  Ownership interests in subsidiaries have been listed in Schedule A/B, Part 4, as undetermined amounts on account of the fact that the fair market value of such ownership is dependent on numerous variables and factors, and may differ significantly from their net book value.

   c.      **Schedule A/B, Part 5 - Inventory** – Fuel inventory is monitored by the Debtors' automatic fuel gauge readers, which record daily inventory amounts.  Fuel inventory is valued using the weighted average cost method for each fuel grade and type.  Shelf inventory is scheduled at cost as of the last physical count of each location and is based on the most recent verifiable measure of shelf inventory.

   d.      **Schedule A/B, Part 7 - Office Furniture, Fixtures, and Equipment; and Collectibles; Part 8 – Fixed Asset Listing**.  The Debtors track fixed assets and depreciation in a fixed asset system external to their accounting system. Generally, fixed asset descriptions may include very broad descriptions (e.g., "Computer Hardware"), may include a vendor name in lieu of an asset description, may have multiple line items associated with a single asset if multiple general ledger transactions occurred for a single asset, or may combine multiple assets into one line item on the schedules.  Assets have been categorizing based on the Debtors'

7

general ledger asset classifications and categorizations included in the company's reconciliations of the fixed asset accounts.   Dollar amounts are presented net of accumulated depreciation and other adjustments.

e.     **Schedule A/B Part 9 – Real Property – Leased Property.**  As detailed in the *Declaration of Michael Healy in Support of Debtors' Chapter 11 Petitions and First Day Relief* [Docket No. 57], for the past several years, in structuring their operations, the Debtors would acquire Fueling Centers and Travel Centers and simultaneously re-sell them to third-party investment vehicles (the "Landlords") who then lease the Fueling Centers and Travel Centers back to the Debtors pursuant to long-term agreements (collectively, the "Prime Leases").  Certain of the Fueling Centers (the "Operated Fueling Centers") and Travel Centers (the "Operated Travel Centers" and, together with the Operated Fueling Centers, the "Operated Sites") are operated by the Debtors ("Operated Dealers"), while certain sites are "dealered out" and subleased to third-parties (the "Network Dealers" and, together with the Operated Dealers, the "Dealers") to operate a Fueling Center on the site (the "Network Dealer Sites" and, together with the Operated Sites, the "Controlled Sites"). The Debtors' Fuel Distribution Business provides fuel to both Controlled Sites and sites in which the Debtors hold no real property interests (the "Non-Controlled Sites").

The Debtors do not own the real estate underlying any of the Controlled Sites; rather, certain Debtors lease the Controlled Sites from a third-party Landlords and then sublease the Controlled Sites to either a third-party Network Dealer or a Debtor entity in the case of Operated Sites.

Consequently, in the ordinary course of the Debtors' business, the Debtors frequently enter into and terminate real property leases, both as a tenant and as a sub-landlord.  For certain locations, a Debtor may be party to an unexpired lease that, as of the Petition Date, was either not formally terminated or for which a formal termination is not available, but for which as of the Petition Date, the Debtors do not pay any rent and effectively do not occupy the premises.  Certain of those leases may be listed in the Debtors' response to Question 55 out of an abundance of caution.  In addition, it is possible that the Debtors have a leasehold interest in property that, as of the Petition Date, was not reduced to a formal, written lease agreement; any such interests are not listed in response to Question 55.

With respect to owned real estate, the Debtors' professionals have undertaken property searches in jurisdictions in which the Debtors have indicated they have, or historically have had, business operations.  However, due to potential lag times in updating and inaccuracies in electronic recordkeeping, among other factors, the Debtors cannot warrant that their presentation of owned real property as of the Petition Date is complete.  The Debtors reserve the right to amend their listing of owned real property as new information becomes available.

The Debtors do not separately account for fixed assets at the individual debtor level. All fixed assets and related property were included on the Schedules and Statements

for the lead Debtor and the Debtors associated with the Debtors' fuel supply business and leasehold interests and are not included on the Retail Debtors' Schedules and Statements.

f.  **Schedule A/B, Part 11 - All Other Assets**.  Dollar amounts are presented net of impairments and other adjustments.

> *Causes of Action Against Third Parties (whether or not a lawsuit has been filed)*. In the ordinary course of their business, the Debtors may issue to Dealers certain notices of default in connection with a Dealer's failure to meet its obligations under the contractual relationship between the parties.  These notices may be pending or resolved as of the Petition Date.  To the extent the notices are not followed by the commencement of formal litigation, the Debtors' claims arising therefrom are not listed in response to this item, but their estates' rights to retain and pursue such claims are reserved.

> *Other Contingent and Unliquidated Claims or Causes of Action of Every Nature, including Counterclaims of the Debtor and Rights to Setoff Claims.*  In the ordinary course of their businesses, the Debtors may have accrued, or may subsequently accrue, certain rights to counter-claims, cross-claims, setoffs, or refunds with their customers and suppliers.  Additionally, certain of the Debtors may be party to pending litigation in which the Debtors have asserted, or may assert, claims as a plaintiff or counter-claims and/or cross-claims as a defendant. Because certain of these claims are unknown to the Debtors and not quantifiable as of the Petition Date, they may not be listed on Schedule A/B, Part 11.  Also, as described above, in the ordinary course of their business, the Debtors may issue to Dealers certain notices of default in connection with a Dealer's failure to meet its obligations under the contractual relationship between the parties.  To the extent the notices are not followed by the commencement of formal litigation, the Debtors' claims arising therefrom are not listed in response to this item, but their estates' rights to retain and pursue such claims are reserved.

g.  **Schedule D - Creditors Who Have Claims Secured by Property**.  Except as otherwise agreed pursuant to the *Final Order Pursuant to 11 U.S.C. §§ 105, 361, 362, 363, 364, and 507, Bankruptcy Rules 2002, 4001, 6004, and 9014, and Local Rule 4001-1 (I) Authorizing the Debtors to Use Cash Collateral and Obtain Post-Petition Financing, (II) Granting Liens and Providing Super-Priority Administrative Expense Status, (III) Granting Adequate Protection, and (IV) Granting Related Relief* [Docket No. 332] (the "Final DIP Order") or other stipulation or order entered by the Bankruptcy Court, the Debtors reserve their rights to dispute or challenge the validity, perfection, or immunity from avoidance of any lien purported to be granted or perfected in any specific asset to a secured creditor listed on Schedule D.  Moreover, although the Debtors have scheduled claims of various creditors as secured claims, the Debtors reserve all rights to dispute or challenge the secured nature of any such creditor's claim or the characterization of the structure of any such transaction or any document or instrument related to such creditor's claim. In the ordinary course of their business

9

operations, the Debtors may be required to post bonds for motor fuel taxes, sales taxes, environmental liabilities, and other purposes, which the Debtors may satisfy by posting cash or issuing letters of credit.  Such bonds are not scheduled here.

The descriptions provided in Schedule D are intended only to be a summary. Reference to the applicable agreements and other related relevant documents is necessary for a complete description of the collateral and the nature, extent, and priority of any liens.  In certain instances, a Debtor may be a co-obligor, co-mortgagor, or guarantor with respect to scheduled claims of other Debtors, and no claim set forth on Schedule D of any Debtor is intended to acknowledge claims of creditors that are otherwise satisfied or discharged by other entities.

The Debtors have not included on Schedule D parties that may believe their claims are secured through setoff rights or inchoate statutory lien rights.  Although there are multiple parties that hold a portion of the debt included in the secured facilities, only the administrative agents have been listed for purposes of Schedule D.

h.    **Schedule E/F - Creditors Who Have Unsecured Claims.**

*Part 1 - Creditors with Priority Unsecured Claims*.  Pursuant to the *Order (I) Authorizing the Payment of Certain Taxes and Fees and (II) Granting Related Relief* [Docket No. 82] (the "Taxes Order"), the Debtors have been granted the authority to pay, in their discretion, certain tax liabilities that accrued prepetition. The Debtors are in the process of reconciling their potential tax liabilities in various jurisdictions and, consequently, such liabilities are indicated as "Unliquidated," and any amounts listed constitute the Debtors' good faith estimates of the amounts of such liabilities.  To the extent the Debtors paid any such prepetition taxes in accordance with the Taxes Order, the associated claims are not listed in the Debtors' Schedules.

Furthermore, pursuant to the *Order Authorizing the Debtors to (I) Pay and/or Honor Prepetition Wages, Salaries, Incentive Payments, Employee Benefits, and Other Compensation; (II) Remit Withholding Obligations and Deductions; (III) Maintain Employee Compensation and Benefits Programs and Pay Related Administrative Obligations; and (IV) Have Applicable Banks and Other Financial Institutions Receive, Process, Honor, and Pay Certain Checks Presented for Payment and Honor Certain Fund Transfer Requests* [Docket No. 85] (the "Wages Order"), the Debtors received authority to pay certain prepetition obligations, including to pay employee wages and other employee benefits, in the ordinary course of business.  To the extent the Debtors paid any such prepetition wage and employee benefit obligations in accordance with the Wages Order, the associated claims are not listed in the Debtors' Schedules.

The listing of a claim on Schedule E/F, Part 1, does not constitute an admission by the Debtors that such claim or any portion thereof is entitled to priority status.

***Part 2 - Creditors with Nonpriority Unsecured Claims***.  The liabilities identified in Schedule E/F, Part 2, are derived from each individual Debtor's books and records.  The Debtors made a reasonable attempt to set forth their unsecured obligations, although the actual amount of claims against the Debtors may vary from those liabilities represented on Schedule E/F, Part 2.  The listed liabilities may not reflect the correct amount of any unsecured creditor's allowed claims or the correct amount of all unsecured claims.

Schedule E/F, Part 2, contains information regarding threatened or pending litigation involving the Debtors.  The amounts for these potential claims are listed as "unknown" and are marked as contingent, unliquidated, and disputed in the Schedules and Statements.

Schedule E/F, Part 2, reflects certain prepetition amounts owing to counterparties to executory contracts and unexpired leases.  Such prepetition amounts, however, may be paid in connection with the assumption or assumption and assignment of an executory contract or unexpired lease.  In addition, Schedule E/F, Part 2, does not include claims that may arise in connection with the rejection of any executory contracts or unexpired leases

As of the time of filing of the Schedules and Statements, the Debtors may not have received all invoices for payables, expenses, and other liabilities that may have accrued prior to the Petition Date.  Accordingly, the information contained in Schedules D and E/F may be incomplete.  The Debtors reserve their rights to amend Schedules D and E/F if and as they receive such invoices.

i.   **Schedule G - Executory Contracts and Unexpired Leases**.  While reasonable efforts have been made to ensure the accuracy of Schedule G, inadvertent errors or omissions may have occurred.

Listing a contract or agreement on Schedule G does not constitute an admission that such contract or agreement is an executory contract or unexpired lease or that such contract or agreement was in effect on the Petition Date or is valid or enforceable. The Debtors hereby reserve all of their rights to dispute the validity, status, or enforceability of any contracts, agreements, or leases set forth in Schedule G and to amend or supplement such Schedule as necessary.  Certain of the leases and contracts listed on Schedule G may contain renewal options, guarantees of payment, indemnifications, options to purchase, rights of first refusal, and other miscellaneous rights.  Such rights, powers, duties, and obligations are not set forth separately on Schedule G.  In addition, the Debtors may have entered into various other types of agreements in the ordinary course of their business, such as supplemental agreements, amendments, and letter agreements, which documents may not be set forth in Schedule G.

Certain of the agreements listed on Schedule G may have expired or terminated pursuant to their terms, but are listed on Schedule G in an abundance of caution.

11

The Debtors reserve all rights to dispute or challenge the characterization of any transaction or any document or instrument related to a creditor's claim.

In some cases, the same supplier or provider may appear multiple times in an individual Debtor's Schedule G. Multiple listings, if any, reflect distinct agreements between the applicable Debtor and such supplier or provider. In addition, in some cases, an agreement may appear on the Schedule G of more than one Debtor, in which event each such Debtor is party to said agreement.

Certain agreements may, by their terms, have been made between one Debtor and a third-party counterparty but performed under in the ordinary course by a different Debtor. In such case, the agreement is listed in the Schedule G of the Debtor that appears on the face of such agreement. Omission of such agreement from the Schedule G of another Debtor does not constitute an admission that such Debtor does not have rights and/or obligations under such agreement or that the Debtor counterparty to such agreement is the Debtor on whose Schedule G such agreement is listed.

The listing of any contract on Schedule G does not constitute an admission by the Debtors as to the validity of any such contract. The Debtors reserve the right to dispute the effectiveness of any such contract listed on Schedule G or to amend Schedule G at any time to remove any contract.

Omission of a contract or agreement from Schedule G does not constitute an admission that such omitted contract or agreement is not an executory contract or unexpired lease. The Debtors' rights under the Bankruptcy Code with respect to any such omitted contracts or agreements are not impaired by the omission.

6.   **Specific Statements Disclosures.**

a.   **Statements, Part 2, Question 6 - Setoffs**. Due to the nature of the Debtors' business, the Debtors and their vendors and other counterparties to business relationships implement setoffs in the ordinary course on a daily basis, including obligations to and from fuel suppliers, fuel dealers and fuel vendors. Such numerous, regularly-occurring setoff transactions have not been scheduled.

b.   **Statements, Part 2, Question 4 and Part 13, Question 30 - Payments, Distributions, or Withdrawals Credited or Given to Insiders**. Distributions by the Debtors to their directors and officers are listed on the attachment to Question 4. Certain of the Debtors' directors and executive officers received distributions net of tax withholdings in the year preceding the Petition Date. The amounts listed under Questions 4 and 30 reflect the gross amounts paid to such directors and executive officers, rather than the net amounts after deducting for tax withholdings.

Certain insiders have been provided with company credit cards in connection with their responsibilities to the Debtors. Payments on account of charges made using such cards have been compiled and presented on a monthly basis. The Debtors

12

reserve the right to characterize any such payments as constituting benefits provided to the insider incurring the corresponding charges.

Similarly, the Debtors have satisfied certain automobile lease expenses for vehicles utilized by certain insiders.

c.　**Statements, Part 3 – Legal Actions or Assignments**.  In the ordinary course of their business, the Debtors may be subject to various administrative activities in the numerous jurisdictions in which they operate relating to various regulated products that may be involved or circumstances that may arise regularly in the Debtors' operations.  These administrative activities may involve issues relating to tobacco sales, zoning issues, alcohol regulations and other aspects of the Debtors' day-to-day business.  In some jurisdictions, the process of notifying the relevant Debtor of a compliance issue requires the commencement of a formal legal action, even if an operational citation is quickly resolved or no further action is undertaken.  The Debtors have not included such actions in connection with this item.  Certain of the listed transactions do not have associated payees due to the limited information available.    Additionally, certain transfers between Debtors or between cash accounts held by a Debtor are listed, and the Debtors have not determined whether such transfers represent an intercompany receivable or are associated with a customer or vendor relationship.

d.　**Statements, Part 7 – Previous Locations**.  The information presented includes the Debtors' previous office locations.  However, the information presented does not include the numerous locations to which each of the Debtors may have previously delivered fuel or gas station locations in which the Debtors may have held an interest.

e.　**Statements, Part 11 – Property the Debtor Holds or Controls that the Debtor Does Not Own**. In the ordinary course of business, the Debtors are in possession of numerous pieces of equipment, such as Visi-coolers, lottery machines, propane cages, ice machines/coolers, and automated teller machines.  Typically, these items are located at a Debtor's place of business incidental to a services or other agreement to which a Debtor may be a party.  Consequently, the Debtors do not separately track or collect information regarding each item that may be utilized in the performance of such agreements and, as such, these items are not listed here.  At certain of the Debtors' locations, in connection with their contractual relationships with fuel suppliers, the Debtors are consigned fuel.

f.　**Statements, Part 12 – Details About Environmental Information**.  The Debtors have operated for a lengthy period of time and periodically have: (a) been party to administrative and judicial proceedings under or concerning environmental laws; (b) received notification from governmental units of potential liability under, or potential violations of, environmental laws; and (c) notified governmental units of potential releases of hazardous materials in compliance with applicable environmental laws.  In many instances, the Debtors no longer have active operations in a particular jurisdiction or with respect to a particular property and no

13

longer possess the relevant records, or the records are incomplete or not readily accessible or reviewable. In certain instances, statutory document retention periods have expired. Further, some individuals who once possessed responsive information are no longer employed by the Debtors. For all of these reasons, it is impossible to identify and supply all of the requested information that may be responsive to Statements #22 – 24. The Debtors' responses to Statements #22 – 24 are also limited to identifying circumstances in which governmental agencies have alleged in writing that particular operations of the Debtors are in violation of environmental laws and thus do not cover: (i) periodic information requests, investigations, or inspections from governmental units concerning compliance with environmental laws where such information requests, investigations, or inspections are not followed by a formal written Notice of Violation or similar formal notice; or (ii) routine reports and submissions made by the Debtors to governmental units in compliance with applicable environmental laws. Moreover, in certain jurisdictions in which the Debtors operate, governmental units' notice to the Debtors of the Debtors' compliance with environmental laws may be informal, even following a formal Notice of Violation. The Debtors acknowledge the possibility that information related to proceedings, governmental notices, and reported releases of hazardous materials responsive to Statements #22–24 may be discovered subsequent to the filing of the Schedules and Statements. The Debtors reserve the right to supplement or amend this response if additional information becomes available. These responses address proceedings, governmental notices, and reported releases of hazardous materials related to the primary applicable environmental laws and do not include proceedings, governmental notices, or reported releases related to non-environmental laws, such as occupational safety and health laws or general transportation laws.

With respect to the Debtors' responses to Statement #22, the Debtors have made commercially reasonable efforts to provide responsive information for proceedings commencing January 1, 2022, through the Petition Date.

With respect to the Debtors' responses to Statement #23, the Debtors have made commercially reasonable efforts to provide responsive information for notifications that (a) were received between January 1, 2022 and the Petition Date, whether or not such notifications were resolved as of the Petition Date; and (b) were received prior to January 1, 2022 to the extent such notifications were not resolved as of the Petition Date.

With respect to the Debtors' responses to Statement #24, the Debtors have made commercially reasonable efforts to provide responsive information for notifications made to any governmental unit concerning any potential release of hazardous material at a location in which a Debtor had an interest as of the Petition Date (whether or not the Debtors themselves made such notification) where (a) such notification was made between January 1, 2020 and the Petition Date, whether or not the subject matter of the notice was resolved as of the Petition Date; and (b) such notification was made prior to January 1, 2020 to the extent the subject matter of the notice was not resolved as of the Petition Date. Certain information provided

14

by the Debtors in response to Statement #24 has been obtained from applicable governmental units.

g.    **Statements, Part 13 – Details About the Debtor's Business or Connections to Any Business.** The dates indicated are those during which the Debtor had an interest, and not the dates of operation of the business.  The Debtors have undertaken a commercially reasonable search of their books and records to address this item, however, prior to the time the current principals assumed ownership of the business approximately six years ago, there may have been additional, now-defunct entities that are not reasonably known to the Debtors. The Debtors lack the books and records to determine whether WHRG-LA2, LLC or its subsidiaries, acquired from Brothers Petroleum in 2021, formerly had any interest in other entities prior to the Debtors' acquisition of such entities.

### Right to Amend and/or Supplement

The Debtors reserve the right to amend and/or supplement the Schedules and Statements as may be necessary or appropriate.

### General Disclaimer

The Debtors have prepared the Schedules and Statements based on the information reflected in the Debtors' books and records.  However, inasmuch as the Debtors' books and records have not been audited, the Debtors cannot warrant the absolute accuracy of these documents.  The Debtors have made a diligent effort to complete these documents accurately and completely.  To the extent additional information becomes available, the Debtors will amend and supplement the Schedules and Statements.

The Debtors and their officers, employees, agents, attorneys and financial advisors do not guarantee or warrant the accuracy, completeness or timeliness of the data that is provided herein and shall not be liable for any loss or injury arising out of or caused, in whole or in part, by the acts, errors or omissions, whether negligent or otherwise, in procuring, compiling, collecting, interpreting, reporting, communicating or delivering the information contained herein.  The Debtors and their officers, employees, agents, attorneys and financial advisors expressly do not undertake any obligation to update, modify, revise or re-categorize the information provided herein or to notify any third party should the information be updated, modified, revised or re-categorized, except as required by applicable law.  In no event shall the Debtors or their officers, employees, agents, attorneys and financial advisors be liable to any third party for any direct, indirect, incidental, consequential or special damages (including, but not limited to, damages arising from the disallowance of a potential claim against the Debtors or damages to business reputation, lost business or lost profits), whether foreseeable or not and however caused.

**Fill in this information to identify the case:**

Debtor Name: In re : 5310 Flannery Road, LLC

United States Bankruptcy Court for the: Southern District of Texas

Case number (if known): 23-90232 (DRJ)

☐ Check if this is an amended filing

Official Form 206Sum

# Summary of Assets and Liabilities for Non-Individuals

12/15

## Part 1: Summary of Assets

1. **Schedule A/B: Assets–Real and Personal Property** (Official Form 206A/B)

   1a. **Real property:**

   Copy line 88 from *Schedule A/B* .......................................................................................

   $ _____ 0.00

   1b. **Total personal property:**

   Copy line 91A from *Schedule A/B* .....................................................................................

   $ _____ 0.00

   1c. **Total of all property:**

   Copy line 92 from *Schedule A/B* ......................................................................................

   $ _____ 0.00

## Part 2: Summary of Liabilities

2. **Schedule D: Creditors Who Have Claims Secured by Property** (Official Form 206D)

   Copy the total dollar amount listed in Column A, *Amount of claim,* from line 3 of *Schedule D* ....................

   $ _____ 176,479,151.65

3. **Schedule E/F: Creditors Who Have Unsecured Claims** (Official Form 206E/F)

   3a. **Total claim amounts of priority unsecured claims:**

   Copy the total claims from Part 1 from line 5a of *Schedule E/F* ..............................................

   $ _____ 88.78

   3b. **Total amount of claims of nonpriority amount of unsecured claims:**

   Copy the total of the amount of claims from Part 2 from line 5b of *Schedule E/F* ...............................

   + $ _____ 0.00

4. **Total liabilities**

   Lines 2 + 3a + 3b ...........................................................................................................

   $ _____ 176,479,240.43

**Fill in this information to identify the case:**

Debtor Name: In re : 5310 Flannery Road, LLC

United States Bankruptcy Court for the: Southern District of Texas

Case number (if known): 23-90232 (DRJ)

☐ Check if this is an amended filing

Official Form 206A/B

# Schedule A/B: Assets - Real and Personal Property                  12/15

**Disclose all property, real and personal, which the debtor owns or in which the debtor has any other legal, equitable, or future interest. Include all property in which the debtor holds rights and powers exercisable for the debtor's own benefit. Also include assets and properties which have no book value, such as fully depreciated assets or assets that were not capitalized. In Schedule A/B, list any executory contracts or unexpired leases. Also list them on Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G).**

**Be as complete and accurate as possible. If more space is needed, attach a separate sheet to this form. At the top of any pages added, write the debtor's name and case number (if known). Also identify the form and line number to which the additional information applies. If an additional sheet is attached, include the amounts from the attachment in the total for the pertinent part.**

For Part 1 through Part 11, list each asset under the appropriate category or attach separate supporting schedules, such as a fixed asset schedule or depreciation schedule, that gives the details for each asset in a particular category. List each asset only once. In valuing the debtor's interest, do not deduct the value of secured claims. See the instructions to understand the terms used in this form.

## Part 1:    Cash and cash equivalents

1. **Does the debtor have any cash or cash equivalents?**

   ☑ No. Go to Part 2.

   ☐ Yes. Fill in the information below.

| All cash or cash equivalents owned or controlled by the debtor | Current value of debtor's interest |
|---|---|

2. **Cash on hand**

   $ _____

3. **Checking, savings, money market, or financial brokerage accounts** *(Identify all)*

   Name of institution (bank or brokerage firm)     Type of account     Last 4 digits of account number

   _____     _____     _____     $ _____

4. **Other cash equivalents** *(Identify all)*

   $ _____

5. **Total of Part 1**

   Add lines 2 through 4 (including amounts on any additional sheets). Copy the total to line 80.

   | $                                        0.00 |

Debtor: 5310 Flannery Road, LLC
_____
Name

Case number *(if known)*: 23-90232
_____

**Part 2:   Deposits and prepayments**

6.  **Does the debtor have any deposits or prepayments?**

☑ No. Go to Part 3.

☐ Yes. Fill in the information below.

|  | Current value of debtor's interest |
|---|---|

7.  **Deposits, including security deposits and utility deposits**

Description, including name of holder of deposit

_____   $ _____

8.  **Prepayments, including prepayments on executory contracts, leases, insurance, taxes, and rent**

Description, including name of holder of prepayment

_____   $ _____

9.  **Total of Part 2.**

Add lines 7 through 8. Copy the total to line 81.

$ _____ 0.00

Debtor: 5310 Flannery Road, LLC
_____
Name

Case number *(if known)* 23-90232
_____

| **Part 3:** | **Accounts receivable** |

**10. Does the debtor have any accounts receivable?**

☒ No. Go to Part 4.

☐ Yes. Fill in the information below.

**Current value of debtor's interest**

**11. Accounts receivable**

|  | Description | face amount | doubtful or uncollectible accounts |  |  |
|---|---|---|---|---|---|
| 11a. 90 days old or less: | _____ | $ _____ | - $ _____ | =..... ➜ | $ _____ |
| 11b. Over 90 days old: | _____ | $ _____ | - $ _____ | =..... ➜ | $ _____ |

**12. Total of Part 3.**

Current value on lines 11a + 11b = line 12. Copy the total to line 82.

$ _____ 0.00

Debtor: 5310 Flannery Road, LLC

Name

Case number *(if known)*: 23-90232

| Part 4: | Investments |
|---------|-------------|

13. **Does the debtor own any investments?**

☑ No. Go to Part 5.

☐ Yes. Fill in the information below.

|  | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|

14. **Mutual funds or publicly traded stocks not included in Part 1**

Name of fund or stock:

_____ _____ $ _____

15. **Non-publicly traded stock and interests in incorporated and unincorporated businesses, including any interest in an LLC, partnership, or joint venture**

Name of entity: _____ % of ownership: _____ _____ $ _____

16. **Government bonds, corporate bonds, and other negotiable and non-negotiable instruments not included in Part 1**

Describe:

_____ _____ $ _____

17. **Total of Part 4.**

Add lines 14 through 16. Copy the total to line 83.

$ _____ 0.00

Debtor: 5310 Flannery Road, LLC
_____
Name

Case number *(if known)*:  23-90232
_____

| Part 5: | Inventory, excluding agriculture assets |
|---|---|

18. **Does the debtor own any inventory (excluding agriculture assets)?**
☑ No. Go to Part 6.
☐ Yes. Fill in the information below.

| General description | Date of the last physical inventory | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|
| 19. **Raw materials** | | $ | | $ |
| 20. **Work in progress** | | $ | | $ |
| 21. **Finished goods, including goods held for resale** | | $ | | $ |
| 22. **Other inventory or supplies** | | $ | | $ |

23. **Total of Part 5.**
Add lines 19 through 22. Copy the total to line 84.

$ _____ 0.00

24. **Is any of the property listed in Part 5 perishable?**
☐ No
☐ Yes

25. **Has any of the property listed in Part 5 been purchased within 20 days before the bankruptcy was filed?**
☐ No
☐ Yes.  Description_____ Book value $ _____  Valuation method _____ Current value $ _____

26. **Has any of the property listed in Part 5 been appraised by a professional within the last year?**
☐ No
☐ Yes

Debtor: 5310 Flannery Road, LLC

Name

Case number *(if known):* 23-90232

**Part 6:** **Farming and fishing-related assets (other than titled motor vehicles and land)**

27. **Does the debtor own or lease any farming and fishing-related assets (other than titled motor vehicles and land)?**
☑ No. Go to Part 7.
☐ Yes. Fill in the information below.

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| 28. **Crops—either planted or harvested** | $ | | $ |
| 29. **Farm animals** *Examples:* Livestock, poultry, farm-raised fish | $ | | $ |
| 30. **Farm machinery and equipment** (Other than titled motor vehicles) | $ | | $ |
| 31. **Farm and fishing supplies, chemicals, and feed** | $ | | $ |
| 32. **Other farming and fishing-related property not already listed in Part 6** | $ | | $ |
| 33. **Total of Part 6.** Add lines 28 through 32. Copy the total to line 85. | | | $ 0.00 |

34. **Is the debtor a member of an agricultural cooperative?**
☐ No
☐ Yes. Is any of the debtor's property stored at the cooperative?
  ☐ No
  ☐ Yes

35. **Has any of the property listed in Part 6 been purchased within 20 days before the bankruptcy was filed?**
☐ No
☐ Yes.  Description_____  Book value $ _____  Valuation method _____  Current value $ _____

36. **Is a depreciation schedule available for any of the property listed in Part 6?**
☐ No
☐ Yes

37. **Has any of the property listed in Part 6 been appraised by a professional within the last year?**
☐ No
☐ Yes

Debtor: 5310 Flannery Road, LLC
_____
　　　　　Name

Case number *(if known)* 23-90232
_____

---

**Part 7:** **Office furniture, fixtures, and equipment; and collectibles**

38. **Does the debtor own or lease any office furniture, fixtures, equipment, or collectibles?**

☑ No. Go to Part 8.

☐ Yes. Fill in the information below.

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| 39. **Office furniture** | $ | | $ |
| 40. **Office fixtures** | $ | | $ |
| 41. **Office equipment, including all computer equipment and communication systems equipment and software** | $ | | $ |
| 42. **Collectibles** *Examples:* Antiques and figurines; paintings,prints, or other artwork; books, pictures, or other art objects; china and crystal; stamp, coin, or baseball card collections; other collections, memorabilia, or collectibles | $ | | $ |

43. **Total of Part 7.**
Add lines 39 through 42. Copy the total to line 86.

$ _____ 0.00

44. **Is a depreciation schedule available for any of the property listed in Part 7?**

☐ No

☐ Yes

45. **Has any of the property listed in Part 7 been appraised by a professional within the last year?**

☐ No

☐ Yes

---

Debtor: 5310 Flannery Road, LLC      Case number *(if known)*: 23-90232

Name

| Part 8: | Machinery, equipment, and vehicles |
|---|---|

46. **Does the debtor own or lease any machinery, equipment, or vehicles?**

☐ No. Go to Part 9.

☑ Yes. Fill in the information below.

| General description<br><br>Include year, make, model, and identification numbers (i.e., VIN, HIN, or N-number) | Net book value of debtor's interest<br><br>(Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| 47. **Automobiles, vans, trucks, motorcycles, trailers, and titled farm vehicles** | | | |
| 47.1 None | $ | | $ |
| 48. **Watercraft, trailers, motors, and related accessories** Examples: Boats, trailers, motors, floating homes, personal watercraft, and fishing vessels | | | |
| 48.1 None | $ | | $ |
| 49. **Aircraft and accessories** | | | |
| 49.1 None | $ | | $ |
| 50. **Other machinery, fixtures, and equipment (excluding farm machinery and equipment)** | | | |
| 50.1 See Global Notes Regarding Personal Property | $ | | $ |

51. **Total of Part 8.**

Add lines 47 through 50. Copy the total to line 87.

$                0.00

52. **Is a depreciation schedule available for any of the property listed in Part 8?**

☑ No

☐ Yes

53. **Has any of the property listed in Part 8 been appraised by a professional within the last year?**

☑ No

☐ Yes

Debtor: 5310 Flannery Road, LLC
_____
Name

Case number *(if known)*: 23-90232
_____

## Part 9: Real property

54. **Does the debtor own or lease any real property?**

   ☑ No. Go to Part 10.

   ☐ Yes. Fill in the information below.

55. **Any building, other improved real estate, or land which the debtor owns or in which the debtor has an interest**

| Description and location of property | Nature and extent of debtor's interest in property | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|
| Include street address or other description such as Assessor Parcel Number (APN), and type of property (for example, acreage, factory, warehouse, apartment or office building), if available. | | | | |
| 55.1 _____ | _____ | $ _____ | _____ | $ _____ |

56. **Total of Part 9.**

   Add the current value on lines 55.1 through 55.6 and entries from any additional sheets. Copy the total to line 88.

   $ _____ 0.00

57. **Is a depreciation schedule available for any of the property listed in Part 9?**`

   ☐ No

   ☐ Yes

58. **Has any of the property listed in Part 9 been appraised by a professional within the last year?**

   ☐ No

   ☐ Yes

Debtor: 5310 Flannery Road, LLC

Name

Case number (if known): 23-90232

---

**Part 10:** **Intangibles and intellectual property**

59. **Does the debtor have any interests in intangibles or intellectual property?**

☐ No. Go to Part 11.

☑ Yes. Fill in the information below.

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| 60. **Patents, copyrights, trademarks, and trade secrets** | | | |
| 60.1 See Global Notes Regarding Intellectual Property | $ | | $ |
| 61. **Internet domain names and websites** | | | |
| 61.1 None | $ | | $ |
| 62. **Licenses, franchises, and royalties** | | | |
| 62.1 See Global Notes Regarding Licenses and Franchises | $ | | $ |
| 63. **Customer lists, mailing lists, or other compilations** | | | |
| 63.1 None | $ | | $ |
| 64. **Other intangibles, or intellectual property** | | | |
| 64.1 See Global Notes Regarding Intellectual Property | $ | | $ |
| 65. **Goodwill** | | | |
| 65.1 None | $ | | $ |

66. **Total of Part 10.**

Add lines 60 through 65. Copy the total to line 89.

$ 0.00

67. **Do your lists or records include personally identifiable information of customers** (as defined in 11 U.S.C. §§ 101(41A) and 107)**?**

☑ No

☐ Yes

68. **Is there an amortization or other similar schedule available for any of the property listed in Part 10?**

☑ No

☐ Yes

69. **Has any of the property listed in Part 10 been appraised by a professional within the last year?**

☑ No

☐ Yes

Debtor: 5310 Flannery Road, LLC

Name

Case number *(if known):* 23-90232

## Part 11:   All other assets

**70. Does the debtor own any other assets that have not yet been reported on this form?**
Include all interests in executory contracts and unexpired leases not previously reported on this form.

☐ No. Go to Part 12.

☑ Yes. Fill in the information below.

|  | Current value of debtor's interest |
|---|---|

**71. Notes receivable**

Description (include name of obligor)          Total face amount          doubtful or uncollectible accounts

71.1 None          $ _____   - $ _____   =..... ➔ $ _____

**72. Tax refunds and unused net operating losses (NOLs)**

Description (for example, federal, state, local)

72.1 None                    Tax year _____          $ _____

**73. Interests in insurance policies or annuities**

73.1 None          $ _____

**74. Causes of action against third parties (whether or not a lawsuit has been filed)**

74.1 None          $ _____

   **Nature of claim**    _____

   **Amount requested**    $ _____

**75. Other contingent and unliquidated claims or causes of action of every nature, including counterclaims of the debtor and rights to set off claims**

75.1 None          $ _____

   **Nature of claim**    _____

   **Amount requested**    $ _____

**76. Trusts, equitable or future interests in property**

76.1 See Global Notes Regarding Future Interests          $ _____

**77. Other property of any kind not already listed** *Examples:* Season tickets, country club membership

77.1 None          $ _____

**78. Total of Part 11.**

Add lines 71 through 77. Copy the total to line 90.

| | |
|---|---|
| $ | 0.00 |

**79. Has any of the property listed in Part 11 been appraised by a professional within the last year?**

☑ No

☐ Yes

Debtor: 5310 Flannery Road, LLC

_____
Name

Case number *(if known)*: 23-90232

## Part 12: Summary

In Part 12 copy all of the totals from the earlier parts of the form.

| Type of property | Current value of personal property | Current value of real property |
|---|---|---|
| 80. **Cash, cash equivalents, and financial assets.** *Copy line 5, Part 1.* | $ 0.00 | |
| 81. **Deposits and prepayments.** *Copy line 9, Part 2*. | $ 0.00 | |
| 82. **Accounts receivable.** *Copy line 12, Part 3.* | $ 0.00 | |
| 83. **Investments.** *Copy line 17, Part 4.* | $ 0.00 | |
| 84. **Inventory.** *Copy line 23, Part 5.* | $ 0.00 | |
| 85. **Farming and fishing-related assets.** *Copy line 33, Part 6.* | $ 0.00 | |
| 86. **Office furniture, fixtures, and equipment; and collectibles.** *Copy line 43, Part 7.* | $ 0.00 | |
| 87. **Machinery, equipment, and vehicles.** *Copy line 51, Part 8.* | $ 0.00 | |
| 88. **Real property.** *Copy line 56, Part 9* .............→ | | $ 0.00 |
| 89. **Intangibles and intellectual property.** *Copy line 66, Part 10.* | $ 0.00 | |
| 90. **All other assets.** *Copy line 78, Part 11.* | $ 0.00 | |
| 91. **Total.** Add lines 80 through 90 for each column............91a. | $ 0.00 | + 91b. $ 0.00 |
| 92. **Total of all property on Schedule A/B.** Lines 91a + 91b = 92. ......... | | $ 0.00 |

**Fill in this information to identify the case:**

Debtor Name: In re : 5310 Flannery Road, LLC

United States Bankruptcy Court for the: Southern District of Texas

Case number (if known): 23-90232 (DRJ)

☐ Check if this is an amended filing

Official Form 206D
_____

## Schedule D: Creditors Who Have Claims Secured by Property

12/15

**Be as complete and accurate as possible.**

1. **Do any creditors have claims secured by debtor's property?**
   - ☐ No. Check this box and submit page 1 of this form to the court with debtor's other schedules. Debtor has nothing else to report on this form.
   - ☑ Yes. Fill in all of the information below.

**Part 1:    List Creditors Who Have Secured Claims**

2. **List in alphabetical order all creditors who have secured claims.** If a creditor has more than one secured claim, list the creditor separately for each claim.

| | *Column A* **Amount of claim** Do not deduct the value of collateral. | *Column B* **Value of collateral that supports this claim** |
|---|---|---|

**2.1 Creditor's name**

First Horizon Bank

*Creditor's Name*

**Creditor's mailing address**

Notice Name

11 E. Greenwood Plaza, Suite #2700

*Street*

| Houston | TX | 77046 |
|---|---|---|
| *City* | *State* | *ZIP Code* |

*Country*

**Creditor's email address, if known**

**Date debt was incurred**    2/1/2023

**Last 4 digits of account number**

**Do multiple creditors have an interest in the same property?**

- ☑ No
- ☐ Yes. Have you already specified the relative priority?
  - ☐ No. Specify each creditor, including this creditor, and its relative priority.
  - ☐ Yes. The relative priority of creditors is specified on lines _____

**Describe debtor's property that is subject to a lien**

Undetermined

**Describe the lien**

Note - Line of Credit

**Is the creditor an insider or related party?**
- ☑ No
- ☐ Yes

**Is anyone else liable on this claim?**
- ☐ No
- ☑ Yes. Fill out *Schedule H: Codebtors(Official Form 206H).*

**As of the petition filing date, the claim is:**
Check all that apply.
- ☐ Contingent
- ☑ Unliquidated
- ☐ Disputed

$    28,190,000.00    $    Unknown

Debtor: 5310 Flannery Road, LLC

Name

Case number *(if known)*: 23-90232

| Part 1: | Additional Page |

Copy this page only if more space is needed. Continue numbering the lines sequentially from the previous page.

*Column A*
**Amount of claim**
Do not deduct the value of collateral.

*Column B*
**Value of collateral that supports this claim**

2.2 **Creditor's name**

First Horizon Bank

Creditor's Name

**Creditor's mailing address**

Notice Name
11 E. Greenwood Plaza, Suite #2700
Street

| Houston | TX | 77046 |
| City | State | ZIP Code |

Country

**Creditor's email address, if known**

**Date debt was incurred**    2/1/2023

**Last 4 digits of account number**

**Do multiple creditors have an interest in the same property?**

☑ No
☐ Yes. Have you already specified the relative priority?

   ☐ No. Specify each creditor, including this creditor, and its relative priority.

   ☐ Yes. The relative priority of creditors is specified on lines

**Describe debtor's property that is subject to a lien**

Undetermined    $    148,289,151.65    $    Unknown

**Describe the lien**

Note - Term Loan

**Is the creditor an insider or related party?**

☑ No
☐ Yes

**Is anyone else liable on this claim?**

☐ No
☑ Yes. Fill out *Schedule H: Codebtors(Official Form 206H).*

**As of the petition filing date, the claim is:**
Check all that apply.

☐ Contingent
☑ Unliquidated
☐ Disputed

3. **Total of the dollar amounts from Part 1, Column A, including the amounts from the Additional Page, if any.**

$    176,479,151.65

**Part 2:**   List Others to Be Notified for a Debt Already Listed in Part 1

List in alphabetical order any others who must be notified for a debt already listed in Part 1. Examples of entities that may be listed are collection agencies, assignees of claims listed above, and attorneys for secured creditors.

If no others need to be notified for the debts listed in Part 1, do not fill out or submit this page. If additional pages are needed, copy this page.

| Name and address | On which line in Part 1 did you enter the related creditor? | Last 4 digits of account number for this entity |
|---|---|---|
| | Line _____ | _____ |

Name
_____

Notice Name
_____

Street
_____

_____

_____

City _____  State _____  ZIP Code _____

Country
_____

**Fill in this information to identify the case:**

Debtor Name: In re : 5310 Flannery Road, LLC

United States Bankruptcy Court for the: Southern District of Texas

Case number (if known): 23-90232 (DRJ)

☐ Check if this is an amended filing

## Official Form 206E/F

# Schedule E/F: Creditors Who Have Unsecured Claims
12/15

Be as complete and accurate as possible. Use Part 1 for creditors with PRIORITY unsecured claims and Part 2 for creditors with NONPRIORITY unsecured claims. List the other party to any executory contracts or unexpired leases that could result in a claim. Also list executory contracts on Schedule A/B: Assets - Real and Personal Property (Official Form 206A/B) and on Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G). Number the entries in Parts 1 and 2 in the boxes on the left. If more space is needed for Part 1 or Part 2, fill out and attach the Additional Page of that Part included in this form.

**Part 1:**   List All Creditors with PRIORITY Unsecured Claims

1. **Do any creditors have priority unsecured claims? (See 11 U.S.C. § 507).**

   ☐ No. Go to Part 2.

   ☒ Yes. Go to Line 2.

2. **List in alphabetical order all creditors who have unsecured claims that are entitled to priority in whole or in part.** If the debtor has more than 3 creditors with priority unsecured claims, fill out and attach the Additional Page of Part 1.

| | | Total claim | Priority amount |
|---|---|---|---|
| 2.1 **Priority creditor's name and mailing address** | As of the petition filing date, the claim is: $ | 88.78 | $ 88.78 |

Louisiana Department of Revenue
Creditor Name

*Check all that apply.*

☐ Contingent

☒ Unliquidated

Creditor's Notice name

☐ Disputed

PO Box 66658
Address

**Basis for the claim:**

Sales & Use Tax

| Baton Rouge | LA | 70896 |
|---|---|---|
| City | State | ZIP Code |

Country

**Date or dates debt was incurred**

**Last 4 digits of account number**

**Is the claim subject to offset?**

☐ No

**Specify Code subsection of PRIORITY unsecured**

**claim:** 11 U.S.C. § 507(a) (8)

☐ Yes

| Part 2: | List All Creditors with NONPRIORITY Unsecured Claims |
| --- | --- |

3. **List in alphabetical order all of the creditors with nonpriority unsecured claims.** If the debtor has more than 6 creditors with nonpriority unsecured claims, fill out and attach the Additional Page of Part 2.

|  |  | Amount of claim |
| --- | --- | --- |

3.1 **Nonpriority creditor's name and mailing address**

None

Creditor Name

Creditor's Notice name

Address

City    State    ZIP Code

Country

**Date or dates debt was incurred**

**Last 4 digits of account number**

**As of the petition filing date, the claim is:**
*Check all that apply.*

☐   Contingent

☐   Unliquidated

☐   Disputed

**Basis for the claim:**

**Is the claim subject to offset?**

☐   No

☐   Yes

$ _____

**Part 3:**  **List Others to Be Notified About Unsecured Claims**

4. **List in alphabetical order any others who must be notified for claims listed in Parts 1 and 2. Examples of entities that may be listed are collection agencies, assignees of claims listed above, and attorneys for unsecured creditors.**
**If no others need to be notified for the debts listed in Parts 1 and 2, do not fill out or submit this page. If additional pages are needed, copy the next page.**

| Name and mailing address | On which line in Part 1 or Part 2 is the related creditor (if any) listed? | Last 4 digits of account number, if any |
|---|---|---|
| | Line | |
| Name | ☐  Not Listed.Explain | |
| Notice Name | | |
| Street | | |
| | | |
| | | |
| City            State          ZIP Code | | |
| Country | | |

**Part 4:**   **Total Amounts of the Priority and Nonpriority Unsecured Claims**

5. **Add the amounts of priority and nonpriority unsecured claims.**

|  |  | Total of claim amounts |
|---|---|---|
| 5a. **Total claims from Part 1** | 5a. | $ 88.78 |
| 5b. **Total claims from Part 2** | 5b. **+** | $ 0.00 |
| 5c. **Total of Parts 1 and 2**<br>Lines 5a + 5b = 5c. | 5c. | $ 88.78 |

**Fill in this information to identify the case:**

Debtor Name: In re : 5310 Flannery Road, LLC

United States Bankruptcy Court for the: Southern District of Texas

Case number (if known): 23-90232 (DRJ)

☐ Check if this is an amended filing

## Official Form 206G

# Schedule G: Executory Contracts and Unexpired Leases                    12/15

**Be as complete and accurate as possible. If more space is needed, copy and attach the additional page, numbering the entries consecutively.**

1. **Does the debtor have any executory contracts or unexpired leases?**

   ☑ No. Check this box and file this form with the court with the debtor's other schedules. There is nothing else to report on this form.

   ☐ Yes. Fill in all of the information below even if the contracts or leases are listed on *Schedule A/B: Assets - Real and Personal Property* (Official Form 206A/B).

| 2. List all contracts and unexpired leases | State the name and mailing address for all other parties with whom the debtor has an executory contract or unexpired lease |
|---|---|
| **State what the contract or lease is for and the nature of the debtor's interest** | Name |
| | Notice Name |
| **State the term remaining** | Address |
| **List the contract number of any government contract** | |
| | City          State          ZIP Code |
| | Country |

**Fill in this information to identify the case:**

Debtor Name: In re : 5310 Flannery Road, LLC

United States Bankruptcy Court for the: Southern District of Texas

Case number (if known): 23-90232 (DRJ)

☐ Check if this is an amended filing

Official Form 206H

## Schedule H: Codebtors
12/15

**Be as complete and accurate as possible. If more space is needed, copy the Additional Page, numbering the entries consecutively. Attach the Additional Page to this page.**

1. **Does the debtor have any codebtors?**

   ☐ No. Check this box and submit this form to the court with the debtor's other schedules. Nothing else needs to be reported on this form.

   ☒ Yes

2. **In Column 1, list as codebtors all of the people or entities who are also liable for any debts listed by the debtor in the schedules of creditors,** *Schedules D-G.* **Include all guarantors and co-obligors. In Column 2, identify the creditor to whom the debt is owed and each schedule on which the creditor is listed. If the codebtor is liable on a debt to more than one creditor, list each creditor separately in Column 2.**

| Column 1: **Codebtor** | | Column 2: **Creditor** | |
|---|---|---|---|
| **Name** | **Mailing address** | **Name** | *Check all schedules that apply:* |
| 2.1 See Schedule H Attachment | | | ☐ D |
| | Street | | |
| | | | ☐ E/F |
| | | | |
| | | | ☐ G |
| | City          State          ZIP Code | | |
| | Country | | |

<table>
<tr><td colspan="2"><b>Fill in this information to identify the case:</b></td></tr>
<tr><td>Debtor Name: In re : 5310 Flannery Road, LLC</td></tr>
<tr><td>United States Bankruptcy Court for the: Southern District of Texas</td></tr>
<tr><td>Case number (if known): 23-90232 (DRJ)</td></tr>
</table>

## Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors   12/15

**An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.**

**WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.**

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☑ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)

☑ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)

☑ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

☑ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)

☑ *Schedule H: Codebtors* (Official Form 206H)

☑ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)

☐ Amended *Schedule* _____

☐ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)

☐ Other document that requires a declaration _____

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  07/12/2023
    MM / DD / YYYY

✖ / s / Michael Healy
Signature of individual signing on behalf of debtor

Michael Healy
Printed name

Chief Restructuring Officer
Position or relationship to debtor

**In re: 5310 Flannery Road, LLC**
**Case No. 23-90232**
Schedule H
Codebtors

| Name of codebtor | Address 1 | City | State | Zip | Name of creditor | D | E/F | G |
|---|---|---|---|---|---|---|---|---|
| 1200 Wego LLC | 3650 Mansell Road, Suite 250 | Alpharetta | GA | 30022 | First Horizon Bank | x | | |
| 1227 Veterans, LLC | 3650 Mansell Road, Suite 250 | Alpharetta | GA | 30022 | First Horizon Bank | x | | |
| 1308 Jefferson Davis LLC | 3650 Mansell Road, Suite 250 | Alpharetta | GA | 30022 | First Horizon Bank | x | | |
| 13289 Old Hammond Highway LLC | 3650 Mansell Road, Suite 250 | Alpharetta | GA | 30022 | First Horizon Bank | x | | |
| 1600 Manhattan Blvd., LLC | 3650 Mansell Road, Suite 250 | Alpharetta | GA | 30022 | First Horizon Bank | x | | |
| 2601 Gen. Degaulle LLC | 3650 Mansell Road, Suite 250 | Alpharetta | GA | 30022 | First Horizon Bank | x | | |
| 2698 Barataria Blvd. LLC | 3650 Mansell Road, Suite 250 | Alpharetta | GA | 30022 | First Horizon Bank | x | | |
| 2701 Canal Street LLC | 3650 Mansell Road, Suite 250 | Alpharetta | GA | 30022 | First Horizon Bank | x | | |
| 2850 Belle Chasse Hgwy LLC | 3650 Mansell Road, Suite 250 | Alpharetta | GA | 30022 | First Horizon Bank | x | | |
| 300 Lee Drive LLC | 3650 Mansell Road, Suite 250 | Alpharetta | GA | 30022 | First Horizon Bank | x | | |
| 3049 Loyola Drive LLC | 3650 Mansell Road, Suite 250 | Alpharetta | GA | 30022 | First Horizon Bank | x | | |
| 4115 Airline Hgwy, LLC | 3650 Mansell Road, Suite 250 | Alpharetta | GA | 30022 | First Horizon Bank | x | | |
| 4408 S. I-10 Service Road, LLC | 3650 Mansell Road, Suite 250 | Alpharetta | GA | 30022 | First Horizon Bank | x | | |
| 4520 Jefferson Highway LLC | 3650 Mansell Road, Suite 250 | Alpharetta | GA | 30022 | First Horizon Bank | x | | |
| 4662 GDD LLC | 3650 Mansell Road, Suite 250 | Alpharetta | GA | 30022 | First Horizon Bank | x | | |
| 4915 Westbank Expwy LLC | 3650 Mansell Road, Suite 250 | Alpharetta | GA | 30022 | First Horizon Bank | x | | |
| 4940 Groom Road, L.L.C. | 3650 Mansell Road, Suite 250 | Alpharetta | GA | 30022 | First Horizon Bank | x | | |
| 798 Jean Lafitte, L.L.C. | 3650 Mansell Road, Suite 250 | Alpharetta | GA | 30022 | First Horizon Bank | x | | |

**In re: 5310 Flannery Road, LLC**
**Case No. 23-90232**
Schedule H
Codebtors

| Name of codebtor | Address 1 | City | State | Zip | Name of creditor | D | E/F | G |
|---|---|---|---|---|---|---|---|---|
| 8692 River Road, LLC | 3650 Mansell Road, Suite 250 | Alpharetta | GA | 30022 | First Horizon Bank | x | | |
| 9410 Greenwell Springs, LLC | 3650 Mansell Road, Suite 250 | Alpharetta | GA | 30022 | First Horizon Bank | x | | |
| Alabama Terminal Property, LLC | 3650 Mansell Road, Suite 250 | Alpharetta | GA | 30022 | First Horizon Bank | x | | |
| Avondale Brothers No 128 LLC | 3650 Mansell Road, Suite 250 | Alpharetta | GA | 30022 | First Horizon Bank | x | | |
| Avondale Investments, L.L.C. | 3650 Mansell Road, Suite 250 | Alpharetta | GA | 30022 | First Horizon Bank | x | | |
| B&T Petroleum LLC | 3650 Mansell Road, Suite 250 | Alpharetta | GA | 30022 | First Horizon Bank | x | | |
| Brothers Belle Chasse, L.L.C. | 3650 Mansell Road, Suite 250 | Alpharetta | GA | 30022 | First Horizon Bank | x | | |
| Brothers Carol Sue, LLC | 3650 Mansell Road, Suite 250 | Alpharetta | GA | 30022 | First Horizon Bank | x | | |
| Brothers Expressway, Inc. | 3650 Mansell Road, Suite 250 | Alpharetta | GA | 30022 | First Horizon Bank | x | | |
| Brothers I-10 Service Road, Inc. | 3650 Mansell Road, Suite 250 | Alpharetta | GA | 30022 | First Horizon Bank | x | | |
| Brothers Petroleum, L.L.C. | 3650 Mansell Road, Suite 250 | Alpharetta | GA | 30022 | First Horizon Bank | x | | |
| Brothers Stonebridge, Inc. | 3650 Mansell Road, Suite 250 | Alpharetta | GA | 30022 | First Horizon Bank | x | | |
| Brothers Terry Parkway, Inc. | 3650 Mansell Road, Suite 250 | Alpharetta | GA | 30022 | First Horizon Bank | x | | |
| Consolidated HR Services LLC | 3650 Mansell Road, Suite 250 | Alpharetta | GA | 30022 | First Horizon Bank | x | | |
| Crowder Brothers, LLC | 3650 Mansell Road, Suite 250 | Alpharetta | GA | 30022 | First Horizon Bank | x | | |
| Exxon General Degaulle, LLC | 3650 Mansell Road, Suite 250 | Alpharetta | GA | 30022 | First Horizon Bank | x | | |
| Gause Operation, L.L.C. | 3650 Mansell Road, Suite 250 | Alpharetta | GA | 30022 | First Horizon Bank | x | | |
| Jamie Boulevard, LLC | 3650 Mansell Road, Suite 250 | Alpharetta | GA | 30022 | First Horizon Bank | x | | |

**In re: 5310 Flannery Road, LLC**
**Case No. 23-90232**
Schedule H
Codebtors

| Name of codebtor | Address 1 | City | State | Zip | Name of creditor | D | E/F | G |
|---|---|---|---|---|---|---|---|---|
| Lapalco Brothers No. 125, LLC | 3650 Mansell Road, Suite 250 | Alpharetta | GA | 30022 | First Horizon Bank | x | | |
| Madison Auto Truck Plaza and Lucky Dollar Casino, LLC | 3650 Mansell Road, Suite 250 | Alpharetta | GA | 30022 | First Horizon Bank | x | | |
| MEX Fuels LLC | 3650 Mansell Road, Suite 250 | Alpharetta | GA | 30022 | First Horizon Bank | x | | |
| MEX Fuels NE LLC | 3650 Mansell Road, Suite 250 | Alpharetta | GA | 30022 | First Horizon Bank | x | | |
| MEX Fuels NE-IL LLC | 3650 Mansell Road, Suite 250 | Alpharetta | GA | 30022 | First Horizon Bank | x | | |
| MEX Fuels NE-IN LLC | 3650 Mansell Road, Suite 250 | Alpharetta | GA | 30022 | First Horizon Bank | x | | |
| MEX Fuels NE-KY LLC | 3650 Mansell Road, Suite 250 | Alpharetta | GA | 30022 | First Horizon Bank | x | | |
| MEX Fuels NE-NJ LLC | 3650 Mansell Road, Suite 250 | Alpharetta | GA | 30022 | First Horizon Bank | x | | |
| MEX Fuels NE-NY LLC | 3650 Mansell Road, Suite 250 | Alpharetta | GA | 30022 | First Horizon Bank | x | | |
| MEX Fuels NE-OH LLC | 3650 Mansell Road, Suite 250 | Alpharetta | GA | 30022 | First Horizon Bank | x | | |
| MEX Fuels NW LLC | 3650 Mansell Road, Suite 250 | Alpharetta | GA | 30022 | First Horizon Bank | x | | |
| MEX Fuels NW-IA LLC | 3650 Mansell Road, Suite 250 | Alpharetta | GA | 30022 | First Horizon Bank | x | | |
| MEX Fuels NW-MO LLC | 3650 Mansell Road, Suite 250 | Alpharetta | GA | 30022 | First Horizon Bank | x | | |
| MEX Fuels SE LLC | 3650 Mansell Road, Suite 250 | Alpharetta | GA | 30022 | First Horizon Bank | x | | |
| MEX Fuels SE-GA LLC | 3650 Mansell Road, Suite 250 | Alpharetta | GA | 30022 | First Horizon Bank | x | | |
| MEX Fuels SE-MS LLC | 3650 Mansell Road, Suite 250 | Alpharetta | GA | 30022 | First Horizon Bank | x | | |
| MEX Fuels SE-TN LLC | 3650 Mansell Road, Suite 250 | Alpharetta | GA | 30022 | First Horizon Bank | x | | |
| MEX Fuels SW LLC | 3650 Mansell Road, Suite 250 | Alpharetta | GA | 30022 | First Horizon Bank | x | | |

**In re: 5310 Flannery Road, LLC**
**Case No. 23-90232**
Schedule H
Codebtors

| Name of codebtor | Address 1 | City | State | Zip | Name of creditor | D | E/F | G |
|---|---|---|---|---|---|---|---|---|
| MEX Fuels SW-LA LLC | 3650 Mansell Road, Suite 250 | Alpharetta | GA | 30022 | First Horizon Bank | x | | |
| MEX Fuels SW-OK LLC | 3650 Mansell Road, Suite 250 | Alpharetta | GA | 30022 | First Horizon Bank | x | | |
| MEX North Alabama, LLC | 3650 Mansell Road, Suite 250 | Alpharetta | GA | 30022 | First Horizon Bank | x | | |
| MEX RE Holdings LLC | 3650 Mansell Road, Suite 250 | Alpharetta | GA | 30022 | First Horizon Bank | x | | |
| MEX RE-NE LLC | 3650 Mansell Road, Suite 250 | Alpharetta | GA | 30022 | First Horizon Bank | x | | |
| MEX RE-NE-IN LLC | 3650 Mansell Road, Suite 250 | Alpharetta | GA | 30022 | First Horizon Bank | x | | |
| MEX RE-NE-NJ LLC | 3650 Mansell Road, Suite 250 | Alpharetta | GA | 30022 | First Horizon Bank | x | | |
| MEX RE-NE-NY LLC | 3650 Mansell Road, Suite 250 | Alpharetta | GA | 30022 | First Horizon Bank | x | | |
| MEX RE-NE-NY-LI LLC | 3650 Mansell Road, Suite 250 | Alpharetta | GA | 30022 | First Horizon Bank | x | | |
| MEX RE-NE-OH LLC | 3650 Mansell Road, Suite 250 | Alpharetta | GA | 30022 | First Horizon Bank | x | | |
| MEX RE-NE-PA LLC | 3650 Mansell Road, Suite 250 | Alpharetta | GA | 30022 | First Horizon Bank | x | | |
| MEX RE-NW LLC | 3650 Mansell Road, Suite 250 | Alpharetta | GA | 30022 | First Horizon Bank | x | | |
| MEX RE-NW-IA LLC | 3650 Mansell Road, Suite 250 | Alpharetta | GA | 30022 | First Horizon Bank | x | | |
| MEX RE-NW-KS LLC | 3650 Mansell Road, Suite 250 | Alpharetta | GA | 30022 | First Horizon Bank | x | | |
| MEX RE-NW-MN LLC | 3650 Mansell Road, Suite 250 | Alpharetta | GA | 30022 | First Horizon Bank | x | | |
| MEX RE-NW-MO LLC | 3650 Mansell Road, Suite 250 | Alpharetta | GA | 30022 | First Horizon Bank | x | | |
| MEX RE-NW-ND LLC | 3650 Mansell Road, Suite 250 | Alpharetta | GA | 30022 | First Horizon Bank | x | | |
| MEX RE-NW-WI LLC | 3650 Mansell Road, Suite 250 | Alpharetta | GA | 30022 | First Horizon Bank | x | | |

**In re: 5310 Flannery Road, LLC**
**Case No. 23-90232**
Schedule H
Codebtors

| Name of codebtor | Address 1 | City | State | Zip | Name of creditor | D | E/F | G |
|---|---|---|---|---|---|---|---|---|
| MEX RE-SE LLC | 3650 Mansell Road, Suite 250 | Alpharetta | GA | 30022 | First Horizon Bank | x | | |
| MEX RE-SE-AL LLC | 3650 Mansell Road, Suite 250 | Alpharetta | GA | 30022 | First Horizon Bank | x | | |
| MEX RE-SE-FL LLC | 3650 Mansell Road, Suite 250 | Alpharetta | GA | 30022 | First Horizon Bank | x | | |
| MEX RE-SE-GA LLC | 3650 Mansell Road, Suite 250 | Alpharetta | GA | 30022 | First Horizon Bank | x | | |
| MEX RE-SE-MS LLC | 3650 Mansell Road, Suite 250 | Alpharetta | GA | 30022 | First Horizon Bank | x | | |
| MEX RE-SE-NC LLC | 3650 Mansell Road, Suite 250 | Alpharetta | GA | 30022 | First Horizon Bank | x | | |
| MEX RE-SE-SC LLC | 3650 Mansell Road, Suite 250 | Alpharetta | GA | 30022 | First Horizon Bank | x | | |
| MEX RE-SE-TN LLC | 3650 Mansell Road, Suite 250 | Alpharetta | GA | 30022 | First Horizon Bank | x | | |
| MEX RE-SW LLC | 3650 Mansell Road, Suite 250 | Alpharetta | GA | 30022 | First Horizon Bank | x | | |
| MEX RE-SW-AR LLC | 3650 Mansell Road, Suite 250 | Alpharetta | GA | 30022 | First Horizon Bank | x | | |
| MEX RE-SW-LA LLC | 3650 Mansell Road, Suite 250 | Alpharetta | GA | 30022 | First Horizon Bank | x | | |
| MEX RE-SW-OK LLC | 3650 Mansell Road, Suite 250 | Alpharetta | GA | 30022 | First Horizon Bank | x | | |
| MEX RE-SW-TX LLC | 3650 Mansell Road, Suite 250 | Alpharetta | GA | 30022 | First Horizon Bank | x | | |
| Mississippi MEX Company, LLC | 3650 Mansell Road, Suite 250 | Alpharetta | GA | 30022 | First Horizon Bank | x | | |
| Mountain Express Baking and Coffee Co. | 3650 Mansell Road, Suite 250 | Alpharetta | GA | 30022 | First Horizon Bank | x | | |
| Mountain Express Ethanol Company | 3650 Mansell Road, Suite 250 | Alpharetta | GA | 30022 | First Horizon Bank | x | | |
| Mountain Express Oil Company | 3650 Mansell Road, Suite 250 | Alpharetta | GA | 30022 | First Horizon Bank | x | | |
| Mountain Express Oil Company Southeast, LLC | 3650 Mansell Road, Suite 250 | Alpharetta | GA | 30022 | First Horizon Bank | x | | |

**In re: 5310 Flannery Road, LLC**
**Case No. 23-90232**
Schedule H
Codebtors

| Name of codebtor | Address 1 | City | State | Zip | Name of creditor | D | E/F | G |
|---|---|---|---|---|---|---|---|---|
| Newton Brothers, Inc. | 3650 Mansell Road, Suite 250 | Alpharetta | GA | 30022 | First Horizon Bank | x | | |
| South Claiborne Operation LLC | 3650 Mansell Road, Suite 250 | Alpharetta | GA | 30022 | First Horizon Bank | x | | |
| Spartan Tank Management LLC | 3650 Mansell Road, Suite 250 | Alpharetta | GA | 30022 | First Horizon Bank | x | | |
| Star Mountain Express, LLC | 3650 Mansell Road, Suite 250 | Alpharetta | GA | 30022 | First Horizon Bank | x | | |
| Texas MEX Limited Company, LLC | 3650 Mansell Road, Suite 250 | Alpharetta | GA | 30022 | First Horizon Bank | x | | |
| Webster P II L.L.C. | 3650 Mansell Road, Suite 250 | Alpharetta | GA | 30022 | First Horizon Bank | x | | |
| WebsterP L.L.C. | 3650 Mansell Road, Suite 250 | Alpharetta | GA | 30022 | First Horizon Bank | x | | |
| West Hill Ranch Group LLC | 3650 Mansell Road, Suite 250 | Alpharetta | GA | 30022 | First Horizon Bank | x | | |
| WHRG Retail Ops LLC | 3650 Mansell Road, Suite 250 | Alpharetta | GA | 30022 | First Horizon Bank | x | | |
| WHRG TC LLC | 3650 Mansell Road, Suite 250 | Alpharetta | GA | 30022 | First Horizon Bank | x | | |
| WHRG TC-NE LLC | 3650 Mansell Road, Suite 250 | Alpharetta | GA | 30022 | First Horizon Bank | x | | |
| WHRG TC-NE-PA LLC | 3650 Mansell Road, Suite 250 | Alpharetta | GA | 30022 | First Horizon Bank | x | | |
| WHRG TC-NW LLC | 3650 Mansell Road, Suite 250 | Alpharetta | GA | 30022 | First Horizon Bank | x | | |
| WHRG TC-NW-IA LLC | 3650 Mansell Road, Suite 250 | Alpharetta | GA | 30022 | First Horizon Bank | x | | |
| WHRG TC-NW-KS LLC | 3650 Mansell Road, Suite 250 | Alpharetta | GA | 30022 | First Horizon Bank | x | | |
| WHRG TC-NW-MO LLC | 3650 Mansell Road, Suite 250 | Alpharetta | GA | 30022 | First Horizon Bank | x | | |
| WHRG TC-NW-ND LLC | 3650 Mansell Road, Suite 250 | Alpharetta | GA | 30022 | First Horizon Bank | x | | |
| WHRG TC-NW-WY LLC | 3650 Mansell Road, Suite 250 | Alpharetta | GA | 30022 | First Horizon Bank | x | | |

**In re: 5310 Flannery Road, LLC**
**Case No. 23-90232**
Schedule H
Codebtors

| Name of codebtor | Address 1 | City | State | Zip | Name of creditor | D | E/F | G |
|---|---|---|---|---|---|---|---|---|
| WHRG TC-SE LLC | 3650 Mansell Road, Suite 250 | Alpharetta | GA | 30022 | First Horizon Bank | x | | |
| WHRG TC-SE-AL LLC | 3650 Mansell Road, Suite 250 | Alpharetta | GA | 30022 | First Horizon Bank | x | | |
| WHRG TC-SE-SC LLC | 3650 Mansell Road, Suite 250 | Alpharetta | GA | 30022 | First Horizon Bank | x | | |
| WHRG TC-SW LLC | 3650 Mansell Road, Suite 250 | Alpharetta | GA | 30022 | First Horizon Bank | x | | |
| WHRG TC-SW-AR LLC | 3650 Mansell Road, Suite 250 | Alpharetta | GA | 30022 | First Horizon Bank | x | | |
| WHRG TC-SW-LA LLC | 3650 Mansell Road, Suite 250 | Alpharetta | GA | 30022 | First Horizon Bank | x | | |
| WHRG-LA, LLC | 3650 Mansell Road, Suite 250 | Alpharetta | GA | 30022 | First Horizon Bank | x | | |
| WHRG-LA2, LLC | 3650 Mansell Road, Suite 250 | Alpharetta | GA | 30022 | First Horizon Bank | x | | |
| WHRGOPS NE LLC | 3650 Mansell Road, Suite 250 | Alpharetta | GA | 30022 | First Horizon Bank | x | | |
| WHRGOPS NE-NY LLC | 3650 Mansell Road, Suite 250 | Alpharetta | GA | 30022 | First Horizon Bank | x | | |
| WHRGOPS NE-NY-LI LLC | 3650 Mansell Road, Suite 250 | Alpharetta | GA | 30022 | First Horizon Bank | x | | |
| WHRGOPS NE-PA LLC | 3650 Mansell Road, Suite 250 | Alpharetta | GA | 30022 | First Horizon Bank | x | | |
| WHRGOPS NW LLC | 3650 Mansell Road, Suite 250 | Alpharetta | GA | 30022 | First Horizon Bank | x | | |
| WHRGOPS NW-IA LLC | 3650 Mansell Road, Suite 250 | Alpharetta | GA | 30022 | First Horizon Bank | x | | |
| WHRGOPS NW-IA-WIA LLC | 3650 Mansell Road, Suite 250 | Alpharetta | GA | 30022 | First Horizon Bank | x | | |
| WHRGOPS NW-KS LLC | 3650 Mansell Road, Suite 250 | Alpharetta | GA | 30022 | First Horizon Bank | x | | |
| WHRGOPS NW-MI LLC | 3650 Mansell Road, Suite 250 | Alpharetta | GA | 30022 | First Horizon Bank | x | | |
| WHRGOPS NW-MO LLC | 3650 Mansell Road, Suite 250 | Alpharetta | GA | 30022 | First Horizon Bank | x | | |

**In re: 5310 Flannery Road, LLC**
**Case No. 23-90232**
Schedule H
Codebtors

| Name of codebtor | Address 1 | City | State | Zip | Name of creditor | D | E/F | G |
|---|---|---|---|---|---|---|---|---|
| WHRGOPS NW-MO-NMO LLC | 3650 Mansell Road, Suite 250 | Alpharetta | GA | 30022 | First Horizon Bank | x | | |
| WHRGOPS NW-WI LLC | 3650 Mansell Road, Suite 250 | Alpharetta | GA | 30022 | First Horizon Bank | x | | |
| WHRGOPS NW-WI-NWI LLC | 3650 Mansell Road, Suite 250 | Alpharetta | GA | 30022 | First Horizon Bank | x | | |
| WHRGOPS SE LLC | 3650 Mansell Road, Suite 250 | Alpharetta | GA | 30022 | First Horizon Bank | x | | |
| WHRGOPS SE-AL-NORTH LLC | 3650 Mansell Road, Suite 250 | Alpharetta | GA | 30022 | First Horizon Bank | x | | |
| WHRGOPS SE-MS LLC | 3650 Mansell Road, Suite 250 | Alpharetta | GA | 30022 | First Horizon Bank | x | | |
| WHRGOPS SE-MS-JACKSON LLC | 3650 Mansell Road, Suite 250 | Alpharetta | GA | 30022 | First Horizon Bank | x | | |
| WHRGOPS SE-SC LLC | 3650 Mansell Road, Suite 250 | Alpharetta | GA | 30022 | First Horizon Bank | x | | |
| WHRGOPS SE-TN LLC | 3650 Mansell Road, Suite 250 | Alpharetta | GA | 30022 | First Horizon Bank | x | | |
| WHRGOPS SE-TN-WTN LLC | 3650 Mansell Road, Suite 250 | Alpharetta | GA | 30022 | First Horizon Bank | x | | |
| WHRGOPS SW LLC | 3650 Mansell Road, Suite 250 | Alpharetta | GA | 30022 | First Horizon Bank | x | | |
| WHRGOPS SW-AR LLC | 3650 Mansell Road, Suite 250 | Alpharetta | GA | 30022 | First Horizon Bank | x | | |
| WHRGOPS SW-AR-NWAR LLC | 3650 Mansell Road, Suite 250 | Alpharetta | GA | 30022 | First Horizon Bank | x | | |
| WHRGOPS SW-OK LLC | 3650 Mansell Road, Suite 250 | Alpharetta | GA | 30022 | First Horizon Bank | x | | |
| WHRGOPS SW-OK-OKC LLC | 3650 Mansell Road, Suite 250 | Alpharetta | GA | 30022 | First Horizon Bank | x | | |
| WHRGOPS SW-TX LLC | 3650 Mansell Road, Suite 250 | Alpharetta | GA | 30022 | First Horizon Bank | x | | |
| WHRGOPS SW-TX-DALLAS LLC | 3650 Mansell Road, Suite 250 | Alpharetta | GA | 30022 | First Horizon Bank | x | | |
| WHRGOPS SW-TX-STX LLC | 3650 Mansell Road, Suite 250 | Alpharetta | GA | 30022 | First Horizon Bank | x | | |